IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  _____
                        (To be supplied by the court)

MOHAMMED MANSOUR JABARAH, and,

JAMES SABATINO
_____, Plaintiff

v.

CHRISTOPHER WRAY, FBI DIRECTOR
_____,

M. CARVAJAL, BOP DIRECTOR
_____,

B. TRUE, ADX WARDEN
_____,

JOHN AND JANE DOES, ET AL
_____, Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 15 2021

JEFFREY P. COLWELL
CLERK
_____

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## PRISONER COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

MOHAMMED JABARAH (06909-091), ADX-FLORENCE, P O BOX 8500, FLORENCE, CO 81226
JAMES SABATINO (30906-004), ADX-FLORENCE, PO BOX 8500, FLORENCE, CO 81226

(Name, prisoner identification number, and complete mailing address)

ABU-HAFS AL-KUWAITI (FOR MOHAMMED JABARAH)
ABDULLAH SAIFULLAH MUJAHID, ABU-HAMZA (FOR JAMES SABATINO)

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
____    Convicted and sentenced state prisoner
__X__    Convicted and sentenced federal prisoner
____    Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   CHRISTOPHER WRAY - FBI DIRECTOR

(Name, job title, and complete mailing address)
FEDERAL BUREAU OF INVISTIGATION
WASHINGTON, DC 20535

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

Defendant C. Wray was/is FBI Director and
acts in his official capacity under Federal Law

Defendant 1 is being sued in his/her ___ individual and/or _X_ official capacity.

2

Defendant 2: *M. CARVAJAL – BOP DIRECTOR*

(Name, job title, and complete mailing address)
*Federal Bureau of Prisons*
*320 First Street, NW, WASHINGTON, DC 20534*

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

*Defendant M. Carvajal was/is BOP Director and acts in his official capacity under Federal law*

Defendant 2 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 3: *B. TRUE – ADX WARDEN*

(Name, job title, and complete mailing address)
*ADX-FLORENCE, PO BOX 8500, FLORENCE, CO 81226*

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

*Defendant B. True was/is ADX Warden and acts in his official capacity under Federal law*

Defendant 3 is being sued in his/her ___ individual and/or _X_ official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

___    42 U.S.C. § 1983 (state, county, and municipal defendants)

_X_    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

_X_    Other: (*please identify*) *FREE SPEECH, FREEDOM OF RELIGION AND DUE PROCESS VIOLATIONS AS WELL AS EQUALL PROTECTION VIOLATIONS*

3

*PLEASE SEE ATTACHMENTS FOR ADDITIONAL CLAIMS*

**D.     STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: FREEDOM OF RELIGION VIOLATIONS

Supporting facts: On October 24, 2019 Defendants M. Carvajal, B. True, C. Wray and John and Jane Does (as FBI Agents) denied Plaintiff JABARAH two Islamic/Religious books in Arabic. The translation of their titles is "The Collection of Fatwas and Letters of Shaykh Najdi Hanbali." On or about the same time, Defendants denied Plaintiff SABATINO two Islamic/Religious books, namely, Milestones by Sayyd Qutub and Management of Savagery, by Abu-Baker Naji. Defendants cite various vague reasoning behind such rejection of religious materials, e.g., "National Security", "Advocating Islamic Terrorism", "Detrimental to the security, good order, or discipline of institution." Throughout their custody under Defendants' care, Plaintiffs had well over forty religious books rejected and/or siezed. Plaintiffs are subjected to Special Administrative Measures (SAMs). This means that inspite of being under BOP custody, defendants C. Wray and John and Jane Does (FBI agents) are the ultimate authority that decides whether to approve or reject an incomming book. Defendants M. Carvajal and B. True sign on such rejections, making them legally liable. EVERY time plaintiffs file Administrative Remedy Appeals on ALL BOP levels, NO BOP authority at any level can or ever overturned the FBI's decision, making the BOP's Administrative Remedy Procedure ABSOLUTELY useless for Plaintiffs due to SAMs superceding authority. Plaintiss will happily provide this court a complete list and copies of all rejection notices issued and signed by B. True for all of the forty plus rejected books. All books were recieved via approved publishers/bookstores.

-4-

<u>ATTACHMENT - page #1</u>

D. STATEMENT OF CLAIMS

<u>CLAIM TWO:  FREE SPEECH VIOLATIONS</u>

Supporting Facts: On June 06, 2020 Defendants M. Carvajal, B. True, C. Wray and John and Jane Does (as FBI Agents) denied Plaintiff JABARAH The Official Senate Report On CIA authored by the U.S. Senate Intellegance Committee. The reasoning given by Defendant B. True in the rejection notice he signed "The publication [d]epicts, describes, or encourages activities which may lead to the use of violence or group disruption". Other titles denied and/or siezed are <u>The 48 Laws of Power</u>, by Robert Greene, <u>At The Center of The Storm</u>, by George Tenet, <u>My Share of The Task</u>, by Stanely Macrystal and <u>Osama Bin Laden</u>, by Michael Schuear. Some of these rejection are due to "The publication contain information on othe Federal Bureau of Prison inmates." Eventhough Defendants M. Carvajal and B. True sign on the rejection notices and/or Administrative Remedy BOP Appeals, Defendants C. Wray and John and Jane Does (FBI Agents) are the ultimate authority which decides which book to approve and/or reject. That is because Plaintiffs are - inspite of being under BOP custody - subjected to SAMs. Defendants have rejected/denied well over forty plus books addressed to Plaintiffs. BOP's Administrative Remedy is ABSOLUTELY useless. Every time Plaintiffs appeal the rejections of these books NO BOP authority can or ever overturned the FBI's decisions, rendering such grievance procedure a total waste of time. Upon this Court's request, Plaintiffs will happily provide copies of all rejection notices signed by defendants B. True along with BOP appeals signed by defendant M. Carvajal.

*ATTACHMENT - page #2*

D. STATEMENT OF CLAIMS

CLAIM THREE : UNREASONABLE SEARCH AND SEIZURE

Supporting Facts: Plaintiffs reclaim all afore-mentioned supporting facts in Claim ONE and Claim TWO. Inspite of the fact that BOP policy requires that a rejected incoming publication be returned to the sender, Defendants M. Carvajal, B. True as well as C. Wray and John and Jane Does (FBI Agents) on multiple instances siezed the rejected books and never returned them to the sender. On January 22, 2020 defendants M. Carvajal and B. True admitted to plaintiff JABARAH - in an Administrative Remedy appeal - that due to a technical error no rejection notice was issued for incoming rejected books. BOP policy requires that such notices SHALL be issued for any rejected publications. ALL of plaintiff SABATINO'S books are siezed and NEVER returned to the sender. Such arbitrary behaviour continues unabatted, unchecked and in many instances cannot be proven. Because the only way Plaintiffs can know and can prove that a particular book has been rejected is when a rejection notice is issued. If a rejection notice is not issued - which is the case with plaintiffs on many instances - the Defendants can falsify mail room records and falsely claim that no books were rejected. On June 03, 2020 Plaintiff JABARAH's books were rejected. And He only knew about such rejection when his attorney sent ADX SIS Office a copy of the invoice along with a tracking number which varified the arrival of the books at the FCC-Florence Mail Room. As of today Plaintiff JABARAH has NOT recieved the rejection notice. This makes it impossible to appeal the rejection and/or seek redress via the BOP grievance procedure. A copy of the invoice will be provided to this Court.

ATTACHMENT - page #3

D. STATEMENT OF CLAIMS

CLAIM FOUR: DUE PROCESS VIOLATIONS

Supporting Facts: As stated, Plaintiffs are subjected to (SAMs). Section (9)(a) Access To Books of SAMs clearly and unambigously gives the BOP initial determination whether to approve or disapprove an incomming book. Despite the clear instruction in SAMs section (9)(a); the FBI - Defendants C.Wray and John and Jane Does - arbitrarily took over that initial determination and bullied the BOP by denying the BOP staff to making such initial determination. This arbitrary behaviour by defendants C.Wary and John and Jane Does (as FBI agents) has happened on EVERY AND ALL of the aforementioned book rejections (i.e. On October 24, 2019, June 06, 2020). Infact, ADX Special Invistigative Office Stuff - who demanded anonymity fearing FBI retaliation - told Plaintiff JABARAH and SABATINO that on several occasion they (the SIS staff) tried to explain to the FBI Agents (John and Jane Does) that several rejections were NOT reasonable nor warranted. The FBI Agents arbitrarly brushed away ADX SIS Staff's objection. Plaintiffs have no recourse or any means of redress to object to such FBI behaviour via the BOP's Administrative Remedy Procedure. Because whenever Plaintiffs attempted via such grievance procedure to address such issue, ALL BOP authorities respond by stating that the BOP does NOT have the authority to interfere with other Federal Agencies operations - EVENTHOUGH SAMs gives the BOP (NOT FBI) SUCH AUTHORITY. This renders the BOP's grievance procedure 100% useless.

<u>ATTACHMENT - page #4</u>

<u>D. STATEMENT OF CLAIMS</u>

<u>CLAIM FIVE: FREEDOM OF RELIGION AND EQUALL PROTECTION VIOLATIONS</u>

Supporting Facts: Plaintiffs are Muslims. <u>In Islam the Festival of Eid al-Adha is the holiest Festival.</u> On July 31, 2020 Defendants M. Carvajal and B. True denied Plaintiffs - and all the Muslim inmate population at ADX - Islamic/Halal certified ceremonial meal. Defendants claim "The Religious ceremonial meals-menue is derived from items regulary availble on the National Menue of Main'line meals." On Eid al-Adha July 31,2020 Plaintiffs were served the regular non-Halal fried chicken meal as the Religious Ceremonial meal, despite requesting Halal-Islamic certified meal. On Passover - a Jewish Holiday - Jewish inmates are served "Special" meals for eight days besides their regular meals. On Christmas all inmates - except Muslims on Halal diet - are served "special" meal. Affording inmates "special" meals on Passover and Christmas and not affording Muslims inmates "special" Halal meal **ON THEIR** HOLIEST HOLIDAY-FESTIVAL is clear and blatant violation of Equal Protections and Freedom of Religion. Muslim inmates must be treated equally as Jewish and Christian inmates in being provided with "special" Halal-Islamic meal on Eid al-Adha.

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? __X__ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):    MICHAEL J. GARCIA et al

Docket number and court:    08 Civ. 3592 (DC), Southern District of New York

Claims raised:    First, Fourth, Fifth, Sixth & Eight Amendments violations

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)    Dismissed without prejudice

Reasons for dismissal, if dismissed:    change of venue

Result on appeal, if appealed:    —

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

__X__ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

__X__ Yes ___ No (*check one*)

5

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

A.) Release all siezed Islamic-Religious books to plaintiffs.

B.) Release all siezed non-Religious books to plaintiffs.

c.) Release all books for BOP review.

D.) Give the BOP the initial determination to review the incoming books (as per SAMs section (9)(a))

E.) Provide plaintiffs with "Special" Halal meal on Eid al-Adha ceremonial meal

F.) Monetary compensation for all of the rejected-seized books.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

March 11, 2021
_____
(Date)

(Form Revised December 2017)

6



Denver, CO P&DC 802-717
TUE 13 APR 2021 AM

CM 21-0690091-0311-MO-081

CM 21-0690091-0808-MO-018

Name: Mohammed Jabarah R.E.
Reg No: 06909-091  182
U.S. Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226-8500

CLERK OF THE COURT

Alfred A. Arraj United States Court House

901 19ᵗʰ Street, Room A105

Denver, CO 80294-3589

＊ Special Mail ＊

＊

