IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-01047-NYW-NRN

MOHAMMED MANSOUR JABARAH,

   Plaintiff,

v.

CHRISTOPHER WRAY,
M. CARVAJAL,
B. TRUE, and
JOHN AND JANE DOES,

   Defendants.

---

# ORDER

---

This matter is before the Court on Plaintiff's Objections to the Recommendation of United States Magistrate Judge N. Reid Neureiter filed on February 23, 2024. [Doc. 107].

On January 30, 2024, the Honorable N. Reid Neureiter issued a Report and Recommendation on Defendants' Motion to Dismiss. *See* [Doc. 103]. The Recommendation stated that objections to the Recommendation must be filed within fourteen days after its service on the Parties. [*Id*. at 24]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on January 30, 2024. *See* [Doc. 103]; Fed. R. Civ. P. 5(b)(2)(C). Thus, given the fourteen-day window to file objections, and adding the three-day period of time permitted by Rule 6(d), *see* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by mail], . . . 3 days are added after the period would otherwise expire under Rule 6(a)."), Plaintiff's objections were due February 16, 2024. Having received no objections

from any Party, this Court entered an Order Adopting Magistrate Judge's Recommendation on February 22, 2024.  *See* [Doc. 105].

Plaintiff filed his objections with the Court on February 23, 2024.  *See* [Doc. 107]. In his objections, Plaintiff states that he did not receive a copy of the Recommendation until February 6, 2024, and asserts that because he can only access his facility's law library on Mondays, Wednesdays, Thursdays, and Saturdays, "he had less than eight hours to review the 35+ case law citations in Judge Neureiter's Recommendation," and because he "needs a minimum of one hour to read each case law citation, [and] if he utilizes every opportunity afforded to him to access the law library, [Plaintiff would] need no less than two months" to file objections "given the current unwarranted [and] arbitrary restricted access to the law library."  [*Id.* at 2].[1]  Though the body of Plaintiff's objections is dated February 12, 2024, *see* [*id.* at 5], he does not state when he delivered his objections to prison officials for mailing, *see generally* [*id.*], and the envelope in which his objections were sent to the Court does not indicate when his objections were actually mailed, as there is no postmark, *see* [*id.* at 6–7].

Under the "prison mailbox rule," a document is considered filed on "the date it is given to prison authorities for mailing to the court."  *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005).  But "the inmate must attest that such a timely filing was made and has the burden of proof on this issue."  *Id.*  A prisoner can show compliance with the mailbox rule by either "(1) alleging and proving that he or she made timely use of the prison's legal

---

[1] Plaintiff did not seek an extension of time to file his objections.  *See generally* [Doc. 107]. Plaintiff is **REMINDED** of his obligation to follow all Court deadlines and that all Court-imposed deadlines are firm unless and until Plaintiff requests and obtains an extension of those deadlines from the Court.

2

mail system if a satisfactory system is available," or "(2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid."  *Id.* at 1166.  Plaintiff's objections do not satisfy either requirement, *see generally* [Doc. 107], and they are thus untimely, *see Licerio v. Lamb*, No. 21-1375, 2022 WL 4100400, at *2 (10th Cir. Sept. 8, 2022) (concluding that, where the pro se plaintiff "failed to show compliance with the prison-mailbox rule, his objections were filed when the district court received them").

However, mindful that Plaintiff is a pro se prisoner litigant, in an abundance of caution the Court will construe his objections as a motion for reconsideration[2] and will briefly consider their merits here.  Upon review of the objections, the Court does not find any occasion to revisit the Court's previous Order adopting Judge Neureiter's Recommendation.

Plaintiff states that he objects "to section (I) (C. Claim Three Due Process) [of the Recommendation], in which [Plaintiff's due process claim] was determined to have merit partially."  [Doc. 107 at 2].  Plaintiff asserts that the actions of the John and Jane Doe Defendants were "against BOP policy vis-à-vis Property Confiscation, which requires notification to the inmate explaining the reason behind the confiscation."  [*Id.* at 3].  He

---

[2] The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. *Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995).  However, motions for reconsideration fall within the Court's "plenary power to revisit and amend interlocutory orders as justice requires."  *Pittman v. Long*, No. 23-cv-00291-PAB, 2024 WL 415461, at *2 (D. Colo. Feb. 5, 2024).  Courts typically grant motions for reconsideration based on "(1) an intervening change in controlling law, (2) new evidence previously unavailable," or "(3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

states that the John and Jane Doe Defendants "have not given any rational, irrational or ANY reason for the confiscation of his religious books." [*Id.*]. He also states that his religious property was confiscated after it was "cleared, reviewed, and approved" by the Federal Bureau of Investigations, [*id.* (emphasis omitted)], and he asserts that a "[l]ack of judicial intervention here will only enable [and] encourage more arbitrary, unwarranted [and] unprofessional [behavior]," [*id.*]. He reiterates that his property was confiscated without due process and that he "has not been issued the required confiscation notification explaining the reason behind such unwarranted [and] unprofessional behavior." [*Id.* at 4].

However, Judge Neureiter concluded that Plaintiff's due process claim related to the confiscation of his property should be dismissed because Plaintiff has an adequate post-deprivation remedy through the Bureau of Prison's Administrative Remedy Program ("ARP"). *See* [Doc. 103 at 15–17]; *see also Wilson v. United States*, 29 F. App'x 495, 497 (10th Cir. 2002) ("The prison provided Wilson with an administrative remedy after the loss of his books. Thus, he was afforded a meaningful post-deprivation remedy for the alleged loss and cannot assert a constitutional claim."); *see also Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 365003, at *7 (D. Colo. Jan. 3, 2024) (recommending that due process claim based on confiscation of books and documents be dismissed based on availability of ARP remedy), *report and recommendation adopted*, 2024 WL 358098 (D. Colo. Jan. 31, 2024). Plaintiff does not address Judge Neureiter's conclusion on this point or explain why it was erroneous. *See generally* [Doc. 107]. In other words, Plaintiff does not make "specific written objections to the proposed findings and recommendations" on his due process claim, Fed. R. Civ. P. 72(b)(2), or focus the

4

Court's attention on "those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). He similarly does not satisfy any of the potential bases for reconsideration. *Servants of the Paraclete*, 204 F.3d at 1012.

Reviewing the record as a whole, Plaintiff has not demonstrated any error in Judge Neureiter's Recommendation, and the Court sees no reason to revisit its prior Order. *See Wilson v. Johnson*, No. 19-cv-02279-CMA-NRN, 2023 WL 6048793, at *2 (D. Colo. Sept. 15, 2023) ("Given the lack of specificity in the Objection, the Court sees no reason to reject Judge Neureiter's thorough and well-reasoned analysis of these grievances."); *cf. Jones*, 2024 WL 358098, at *3 ("Mr. Jones's objection disputes only the correctness of the recommendation and does not point to specific errors made by Judge Dominguez Braswell. Mr. Jones's objection is therefore insufficient."). For these reasons, the Court concludes that Plaintiff's objections are respectfully **OVERRULED** and reconsideration is not warranted.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Objections to the Recommendation of United States Magistrate Judge N. Reid Neureiter [Doc. 107] are **OVERRULED**; and

(2) A copy of this Order shall be sent to:

> Mohammed Jabarah, #06909-091
> Florence ADMAX U.S. Penitentiary
> Inmate Mail/Parcels
> PO Box 8500
> Florence, CO 81226

DATED: February 27, 2024

BY THE COURT:

Nina Y. Wang
United States District Judge

5