IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01047-NYW-NRN

MOHAMMED MANSOUR JABARAH,

Plaintiff,

v.

CHRISTSOPHER WRAY, FBI Director,
M. CARVAJAL, BOP Director,
B. TRUE, ADX Warden, and
JOHN AND JANE DOES,

Defendants.

---

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## (ECF No. 133)

---

**N. Reid Neureiter**
**United States Magistrate Judge**

      This prisoner civil rights case is before the Court on an Order, ECF No. 136, entered by Judge Nina Y. Wang referring Defendants Wray, Carvajal, and True's ("Defendants") Motion for Summary Judgment, ECF No. 133. Plaintiff Mohammed Mansour Jabarah ("Plaintiff") filed a response, ECF No. 152, and Defendants filed a reply, ECF No. 154.

      The Court heard argument from the parties, has taken judicial notice of the Court's file, and considered the applicable Federal Rules of Civil Procedure and case law. Now being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that Defendants' Motion for Summary Judgment, ECF No. 133, be **GRANTED**.

## BACKGROUND

The Court has set forth the factual background and procedural history of this case in its prior Reports and Recommendations, *see* ECF Nos. 103 & 132, and will not repeat it here.

Defendants move for summary judgment on Plaintiff's sole remaining due process claim, which relates to the Bureau of Prison's ("BOP") failure to provide him with appropriate written notice after it rejected four religious books in 2019 and 2020. This claim is asserted against Defendants in their official capacities, so Plaintiff can only obtain injunctive relief. Defendants argue that the claim is moot because Plaintiff has now received written rejection notices for the publications at issue and has challenged the rejections using the BOP's Administrative Remedy Program ("ARP").

Defendants offer the following statement of material facts ("SMF"). *See* ECF No. 133 at 3–5, ¶¶ 1–14. The Court notes that Plaintiff did not specifically dispute any of them, as required by the Federal Rules of Civil Procedure and Judge Wang's Civil Practice Standards. Instead, he merely states that Defendants "points" are "misleading (at best) and totally false (at worst)." ECF No. 52 at 2.

Plaintiff is a convicted and sentenced federal prisoner who is incarcerated at the ADX in Florence, Colorado. SMF ¶ 1. He is subject to Special Administrative Measures ("SAMs") restricting his communications pursuant to 28 C.F.R. § 501. SMF ¶ 2. Under Section 9(a) in Plaintiff's SAMs, he "may have access to all books that do not facilitate criminal activity or present a substantial threat to national security or the security, discipline, or good order of the institution." SMF ¶ 3. The BOP, in conjunction with the FBI, determines whether Plaintiff is given access to the book. *Id.*

2

In October 2019, Plaintiff was sent two copies of the book *Majmu Rasa'il wa Fatawah* by Sheikh Abdallah Bin Abd Al-Azi. SMF ¶ 4. These books were reviewed and rejected on October 11, 2019. SMF ¶¶ 5–6. Plaintiff was verbally advised by Special Investigative Services ("SIS") Linguist Oliver of the denial of these books. SMF ¶ 6. On April 20, 2023, pursuant to a request made by this Court, Plaintiff was given a letter stating the two books were denied in October 2019 because they "contain inflammatory material" and "incite[] violence." SMF ¶ 7. On March 12, 2024, Plaintiff received a written notice signed by Warden A. Ciolli explaining that the two books were rejected in October 2019 because they "incit[e] violence and/or depict[], describe[] or encourage[] activities that may lead to the use of violence or group disruption." SMF ¶ 8.

In May 2020, Plaintiff was sent two additional books: (1) *Shifa' al-'Alil* by Ibn Qayyim al-Jawziyyah, and (2) *Bada'I al-Fawaid* by Ibn Qayyim al-Jawziyyah. SMF ¶ 9. Plaintiff was again informed verbally by Mr. Oliver of the rejection of these books. SMF ¶¶ 10–11. On March 12, 2024, Plaintiff received a written notice signed by Warden Ciolli explaining the two books were rejected in May 2020 because the publications were "detrimental to the security and good order of the institution" as they "incite violence" and/or "depict[], describe[] or encourage[] activities that may lead to the use of violence or group disruption." SMF ¶ 12. On March 21, 2024, Plaintiff filed an informal resolution form, known as a BP-8, challenging the March 12, 2024, rejection notices he received concerning the four books in October 2019 and May 2020, respectively. SMF ¶ 13. Plaintiff has not filed a formal request for Administrative Remedy related to the rejection notices (BP-9 form). SMF ¶ 14. However, Plaintiff states that he never received a response to his BP-8 from the BOP. ECF No. 152 at 6.

3

## LEGAL STANDARDS

### I. Pro Se Plaintiff

Plaintiff proceeds pro se. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). But the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues," *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991), and a plaintiff's pro se status does not entitle him to an application of different rules, *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### II. Motion for Summary Judgment under Rule 56

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). A court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Furthermore, a judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter, but to determine if there is a genuine issue for trial. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014).

The moving party bears the initial responsibility of providing the court with the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence

negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in his complaint but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."); *see also Hysten v. Burlington N. & Santa Fe Ry. Co.*, 296 F.3d 1177, 1180 (10th Cir. 2002). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, i.e., the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005). However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v.*

5

*Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52 (1986).

## ANALYSIS

The Tenth Circuit recently explained the doctrine of mootness:

The doctrine of mootness rests on a simple principle: the controversy that existed at litigation's commencement may dissipate before its conclusion. *United States v. Juvenile Male*, 564 U.S. 932, 936, 131 S. Ct. 2860, 180 L. Ed. 2d 811 (2011). We recognize two types of mootness: constitutional and prudential. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1121 (10th Cir. 2010). Constitutional mootness stems from Article III's requirement that federal courts only adjudicate "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1; *see also Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997) (citing *In re Texas Int'l Corp.*, 974 F.2d 1246, 1247 (10th Cir. 1992)). A case becomes constitutionally moot if it ceases to "present a real and substantial controversy with respect to which specific relief may be fashioned." *Fletcher*, 116 F.3d at 1321 (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). In a suit for declaratory or injunctive relief, we may hold the case moot despite "[p]ast exposure to illegal conduct" if the plaintiff does not show "continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974).

. . . .

[E]ven if a case survives our constitutional inquiry, we may dismiss it under the doctrine of prudential mootness. *Rio Grande Silvery Minnow*, 601 F.3d at 1121 (quoting *Fletcher*, 116 F.3d at 1321). Prudential mootness concerns "not the power to grant relief but the court's discretion in the exercise of that power." *Chamber of Com. v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980). Under the Supreme Court's original formulation of this doctrine, the movant must persuade the court that a "cognizable danger of recurrent violation" exists, beyond a "mere possibility." [*Bldg. & Const. Dep't v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1492 (10th Cir. 1993)] (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 73 S. Ct. 894, 97 L. Ed. 1303 (1953)). Under this doctrine, if the circumstances of a controversy become too attenuated, prudence counsels us not to reach the merits of the appeal. *Id.* at 1491–92 (quoting *Chamber of Com.*, 627 F.2d at 291). We will hold a

6

> suit prudentially moot if the "circumstances [have] changed since the beginning of litigation that forestall any occasion for meaningful relief." *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 727–28 (10th Cir. 1997) (citing 13A Charles A. Wright et al., Federal Practice and Procedure § 3533.3 (2d ed. 1984)).

*Bacote v. Fed. Bureau of Prisons*, 119 F.4th 808, 812–13 (10th Cir. 2024) (footnote omitted).

"The party seeking to have the case dismissed bears the burden of demonstrating mootness[,] and that burden is a heavy one." *Chen-Oster v. Goldman, Sachs & Co.*, 251 F. Supp. 3d 579, 590 (S.D.N.Y. 2017) (alteration omitted) (quoting *Robinson v. Blank*, No. 11 Civ. 2480 (PAC) (DF), 2013 WL 2156040, at *13 (S.D.N.Y. May 20, 2013)). And a court will not dismiss under certain circumstances, including where the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time. *See Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008). "In other words, this exception exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct." *Id.* However, "[t]he voluntary cessation exception does not apply, and a case is moot, 'if the defendant carries the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 881 (10th Cir. 2019) (footnote omitted). For voluntary cessation to moot a case, the court must be "convinced that 'the allegedly wrongful behavior could not *reasonably* be expected to recur, . . . not that there is no possibility of future enforcement," as "[t]he latter showing would likely be impossible in most cases." *Brown v. Buhman*, 822 F.3d 1151, 1175 (10th Cir. 2016) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

7

Here, Defendants argue that Plaintiff's due process claim is constitutionally and prudentially moot and the voluntary cessation exception does not apply. The Court agrees.

Plaintiff's only claim for relief is asserted against Defendants in their official capacities and is based on Defendants' alleged failure to notify Plaintiff in writing that incoming religious books were rejected in October 2019 and May 2020. He can only obtain injunctive relief for this claim; i.e., that he be provided with written notice consistent with BOP policy so that he has a reasonable opportunity to protest the denial decisions.[1] The BOP has since provided Plaintiff with this written notice, and he has sought an administrative remedy. He has not shown any continuing injury from the alleged due process violation. *See Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects.'") (citation and alterations omitted). Therefore, the Court "cannot accord [Plaintiff] prospective relief that would have any effect in the real world." *Id.* at 1029. Plaintiff's due process claim is constitutionally and prudentially moot.

---

[1] Plaintiff's Seventh Amended Complaint also requests an "[i]njunction ordering Defendants to abide by SAMs section (9)(a) access to books." ECF No. 74 at 25. Rule 65 "requires that an injunction be reasonably specific in identifying what acts are prohibited or required, both to give notice to the defendant of what is prohibited, and to guide an appellate court in reviewing the defendant's compliance or noncompliance with the injunction." *Keyes v. Sch. Dist. No. 1*, 895 F.2d 659, 668 (10th Cir. 1990); *see also* Fed. R. Civ. P. 65(d)(1)(C) (requiring that all injunctions "describe in reasonable detail— and not by referring to the complaint or other document—the act or acts restrained or required"). "[I]njunctions simply requiring the defendant to obey the law are too vague to satisfy Rule 65." *Shook v. Bd. of Cnty. Comm'rs of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008) (quoting *Monreal v. Potter*, 367 F.3d 1224, 1236 (10th Cir. 2004)).

The Court further agrees that Defendants have met their burden in showing that the voluntary cessation exception does not apply. As an initial matter, Plaintiff's claim involves the rejection of four discrete books. He has received rejection notices for those books. There is no further illegal conduct that Defendants can resume regarding these publications. Moreover, although Plaintiff was not initially provided with the required written notice of the rejection of the four books described above, his own pleading shows that he has received rejection notices for other books or materials. *See* ECF No. 74-1 at 14–16, 20. It is also significant that Plaintiff was promptly verbally informed that the books at issue in this case had been rejected. Although this initial notification did not comply with BOP policy because it was not in writing, it does indicate that Defendants were not engaging in "subterfuge" or seeking "to evade the jurisdiction of the court" when they finally provided him with written notice. *See Jordan*, 654 F.3d at 1037. Under these circumstances, the Court concludes that Defendants did not change course simply to deprive the court of jurisdiction. *Rio Grande Silvery Minnow*, 601 F.3d at 1115. The Court is convinced that the allegedly wrongful behavior cannot reasonably be expected to recur, and the voluntary cessation doctrine does not save Plaintiff's claim from being moot.

Plaintiff argues in his response that he submitted a BP-8 informal grievance regarding the denials, but never received a response. This argument is unpersuasive. Defendants state that Plaintiff is still able to continue with the ARP by requesting and filing a BP-9 formal grievance, which he has not done. *See* ECF No. 154-1 ¶¶ 6–8. And Plaintiff is familiar with the process given that, in 2024 alone, he filed 22 administrative requests and appeals, including six BP-9s. ECF No. 154-2 ¶ 9. Furthermore, Plaintiff

9

explicitly states that he "already exhausted the BOP administrative remedy procedure with respect to all of the four rejected books" before the Seventh Amended Complaint was filed. ECF No. 152 at 7. Accepting this as true, he had an adequate post-deprivation remedy and cannot maintain a due process claim. *See Wilson v. United States*, 29 F. App'x 495, 497 (10th Cir. 2002) ("The prison provided Wilson with an administrative remedy after the loss of his books. Thus, he was afforded a meaningful post-deprivation remedy for the alleged loss and cannot assert a constitutional [due process] claim.").

Plaintiff further claims that the written notices must "cite in specific details [sic] (i.e. page number) the problematic parts of the rejected publications, something Defendants still have not satisfied." ECF No. 152 at 8. The Court has already rejected this argument as to the three non-religious books. *See* ECF No. 103 at 13–14. The same holds true as to these four books. BOP regulations provide that "[w]here a publication is found unacceptable, the Warden shall promptly advise the inmate in writing of the decision and the reasons for it," 28 C.F.R.§ 540.71(d), and provide the sender of the unacceptable publication with a copy of the rejection letter, *id*. § 540.71(e). Although "[t]he notice must contain reference to the specific article(s) or material(s) considered objectionable," *id*., it does not require that page numbers be provided or that more detail than what the BOP gave Plaintiff be included. Plaintiff received written notice of what books were rejected and why. That moots his procedural due process claim.

To summarize: a claim for injunctive relief is moot when (1) the issues presented are no longer "live," or (2) the parties lack a legally cognizable interest in the outcome.

*Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1242 (10th Cir. 2011) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)) (internal quotation marks and citation omitted). Plaintiff complains that he did not receive written notice of rejection as to four books. Now he has. There is no further injunctive relief the Court can grant to redress Plaintiff's injury. His claim is moot.

## CONCLUSION

It is hereby **RECOMMENDED** that Defendant's Motion for Summary Judgment, ECF No. 133, be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated at Denver, Colorado this 9th day of January, 2025.

N. Reid Neureiter
United States Magistrate Judge