IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-01047-NYW-NRN

MOHAMMED MANSOUR JABARAH,

    Plaintiff,

v.

KASHYAP PATEL,[1]
M. CARVAJAL,
B. TRUE, and
JOHN AND JANE DOES,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION AND ORDER TO SHOW CAUSE

This matter is before the Court on the Report and Recommendation on Defendants' Motion for Summary Judgment, which was issued by the Honorable N. Reid Neureiter on January 9, 2025. [Doc. 163]. Judge Neureiter recommends that Defendants' Motion for Summary Judgment (or "Motion"), [Doc. 133], be granted, *see* [Doc. 163 at 11]. Plaintiff Mohammed Mansour Jabarah ("Plaintiff" or "Mr. Jabarah"), through counsel, filed objections to the Recommendation, *see* [Doc. 172], and the named Defendants have responded, *see* [Doc. 173]. For the reasons set forth in this Order, Plaintiff's objections are respectfully **OVERRULED** and the Recommendation is **ADOPTED**.

---

[1] Under Rule 25 of the Federal Rules of Civil Procedure, "[a]n action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

## LEGAL STANDARDS

### I. Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

### II. Rule 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (cleaned up). When considering the evidence in the record, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). At all times, the Court views the record in the light most favorable to the nonmoving party. *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

### III. Pro Se Filings

Pro se filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

Plaintiff filed this case pro se and continued to represent himself during most of this litigation. *See* [Doc. 1; Doc. 165]. On February 14, 2025, counsel entered an appearance on Plaintiff's behalf. [Doc. 169]. Accordingly, the Court will construe Plaintiff's pro se filings liberally, but the Court will not afford this liberal construction to filings submitted by Plaintiff's counsel. *See Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 624 (10th Cir. 2018) (attorneys not entitled to liberal construction of filings).

## BACKGROUND

Judge Neureiter sets out the background of this case in his Recommendation, *see* [Doc. 163 at 2–3], and the Court repeats it here only as necessary to resolve Plaintiff's objections. Plaintiff's sole remaining claim in this case is a due process claim based on the Bureau of Prisons ("BOP")'s failure to provide him written notices when it rejected his requests for religious books, as required by BOP policy. *See* [Doc. 74 at 19–22; Doc. 105 at 2–3 (the Court dismissing all other claims)]. The claim remains only insofar as Plaintiff requests injunctive relief against Defendants in their official capacities. *See* [Doc. 74 at 25; Doc. 103 at 7 n.4, 19–21, 19 n.7; Doc. 105].[2]

---

[2] In his Seventh Amended Complaint, Plaintiff seeks—in addition to money damages—an injunction "ordering Defendants to release all seized, rejected and/or all confiscated

3

Relevant here, it is undisputed that in October 2019, Plaintiff was sent two copies of the book <u>Majmu Rasa'il wa Fatawah</u> by Sheikh Abdallah Bin Abd Al-Azi, and in May 2020, he was sent <u>Shifa' al-'Alil</u> by Ibn Qayyim al-Jawziyyah and <u>Bada'I al-Fawaid</u> by Ibn Qayyim al-Jawziyyah. [Doc. 133 at ¶¶ 4, 9; Doc. 133-1 at ¶¶ 5, 8].[3] These books were rejected by BOP officials, and Plaintiff claims that he did not receive any written notice explaining the reasons for the rejections. [Doc. 74 at 20]. It is further undisputed that, in March 2024, Plaintiff received written rejection notices with respect to these four books. [Doc. 133 at ¶¶ 8, 12; Doc. 133-1 at ¶¶ 7, 10].

On June 4, 2024, Defendants Kashyap Patel, M. Carvajal, and B. True ("Defendants")[4] filed a Motion for Summary Judgment arguing that (1) since Plaintiff has received written notices explaining the rejections, his claim is moot; and (2) Plaintiff cannot support his claim for prospective injunctive relief because "he has no more than a speculative risk of future harm." [Doc. 133 at 1]. Defendants submitted exhibits in support

---

books to Plaintiff" and an injunction "ordering Defendants to abide by SAMS section (9)(a) Access to Books." *See* [Doc. 74 at 25]; *see also* [Doc. 74-1 at 2–3 (Plaintiff's Special Administrative Measures limiting his access to certain books)]. But Plaintiff's claims for money damages have been dismissed, [Doc. 103 at 7–8 n.4, 19–21], and so have his claims based on the confiscation of his property or the denial of access to books, [*id.* at 8–17]; *see also* [Doc. 105]. Judge Neureiter concludes in his Recommendation that, for the due process claim, Plaintiff "can only obtain injunctive relief for this claim; i.e., that he be provided with written notice consistent with BOP policy so that he has a reasonable opportunity to protest the denial decisions." [Doc. 163 at 8 & n.1]. Plaintiff does not object to this construction of Plaintiff's Seventh Amended Complaint or identify any other injunctive relief he could seek or obtain with respect to his due process claim. *See* [Doc. 172].

[3] Plaintiff did not dispute Defendants' assertions of material fact, *see generally* [Doc. 152], so the Court takes these facts as undisputed for purposes of resolving the Motion for Summary Judgment, *see* Fed. R. Civ. P. 56(e)(2).

[4] Plaintiff also names unidentified "John and Jane Does" in his operative pleading. *See* [Doc. 74 at 1]. The Court addresses these Doe Defendants below. *See infra* pp. 12–13 & nn.9–10.

4

of their Motion, including (1) a declaration from Special Investigative Service Technician J. Francia attesting that in March 2024, Plaintiff received a written notice explaining why the aforementioned books were rejected, [Doc. 133-1 at ¶¶ 5–10]; and (2) copies of those rejection notices, [*id.* at 29–32].

Plaintiff responded in opposition to the Motion for Summary Judgment.  *See* [Doc. 152].  He argued that the rejection notices he received are insufficient because they provide only vague reasons for rejecting the books.  [*Id.* at 8].  He also argued that, on July 25, 2023, he was "again . . . denied an incoming book entitled In The Path of Harm."  [*Id.* at 9–10 (underlining added)].  And because Defendants "are still continuing their wrongs [and] injuries against plaintiff," Plaintiff argued that the alleged wrongful conduct "did not cease" and the underlying controversy "did not dissipate."  [*Id.* at 10].

Judge Neureiter held oral argument on the Motion for Summary Judgment on August 28, 2024, *see* [Doc. 153], and issued his Recommendation on January 9, 2025, *see* [Doc. 163].  He recommends that the Motion be granted on mootness grounds.  [*Id.* at 10–11].  He reasons that because the BOP has provided Plaintiff written rejection notices for the four subject books—the only relief obtainable in this case—and because Plaintiff has not shown any continuing injury from the alleged due process violation, Plaintiff's due process claim is moot.  [*Id.* at 8].  Additionally, Judge Neureiter finds that the voluntary cessation doctrine does not apply here because Plaintiff's claim "involves the rejection of four discrete books," and because Plaintiff has received rejection notices for those books, "[t]here is no further illegal conduct that Defendants can resume regarding these publications."  [*Id.* at 9].[5]

---

[5] As for Plaintiff's argument challenging the sufficiency of the notices, Judge Neureiter notes that this argument has already been rejected.  *See* [Doc. 163 at 10]; *see also*

5

Plaintiff, through counsel, objects to Judge Neureiter's Recommendation.  *See* [Doc. 172].  Broadly, Plaintiff argues that Defendants have not demonstrated that the case is moot because they have not adequately shown that the voluntary cessation doctrine is inapplicable to this case.  [*Id.* at 7–9].  Defendants did not object to the Recommendation.  The Court considers Plaintiff's objections below.

## ANALYSIS

### I.  The Mootness Doctrine

"[T]he existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."  *Disability L. Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005).  If, during the pendency of an action, "factual developments render a claim 'no longer live and ongoing,' such that a decision on the merits will not 'affect the behavior of the defendant toward the plaintiff,'" then the claim is moot.  *Rezaq v. Nalley*, 677 F.3d 1001, 1008 (10th Cir. 2012) (brackets omitted) (quoting *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999)).  And if a case has been rendered moot, then a federal court lacks subject matter jurisdiction over it.  *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008).  In deciding whether a claim is moot, "[t]he crucial question is whether granting a present determination of the issues offered will have some effect in the real world."  *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010) (emphasis and quotation omitted).

"One exception to a claim of mootness is a defendant's voluntary cessation of an alleged illegal practice which the defendant is free to resume at any time."  *Chihuahuan*

---

[Doc. 103 at 13–14].  Plaintiff does not object to this portion of Judge Neureiter's Recommendation.  *See generally* [Doc. 172].

*Grasslands All. v. Kempthorne*, 545 F.3d 884, 892 (10th Cir. 2008).  "The party arguing in favor of mootness due to its discontinued conduct bears the burden to show the case is moot."  *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 878 (10th Cir. 2019).  This is a "heavy burden" that requires the defendant to establish "that the challenged conduct cannot reasonably be expected to start up again."  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quotation omitted).  But this burden "is not insurmountable."  *Brown v. Buhman*, 822 F.3d 1151, 1167 (10th Cir. 2016).  To meet this burden, the defendant "must undertake 'changes that are permanent in nature' and 'foreclose a reasonable chance of recurrence of the challenged conduct.'"  *Prison Legal News*, 944 F.3d at 881 (quoting *Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004)).  Relevant here, "government self-correction provides a secure foundation for mootness so long as it seems genuine."  *Id.* (quotation omitted).

Another exception exists "when cases are capable of repetition, yet evading review."  *Chihuahuan Grasslands*, 545 F.3d at 892 (quotation omitted).  This exception is "reserved for exceptional situations" and applies if the issues in the case (1) "evade review because the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration," and (2) "are capable of repetition, such that there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Robert v. Austin*, 72 F.4th 1160, 1164–65 (10th Cir. 2023) (quotation omitted).

## II. Plaintiff's Objections

Plaintiff raises two arguments in his objections:  first, he asserts that Defendants have not sufficiently demonstrated the non-application of the voluntary cessation doctrine,

7

and second, he argues that the issues in this case are capable of repetition, yet evading review.  [Doc. 172 at 9].

It is well established that arguments raised for the first time in objections to a magistrate judge's recommendation are waived.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011).  Indeed, this Court's Civil Practice Standards state that the Court "disfavors the consideration of arguments" not raised before the magistrate judge and instructs that parties wishing to raise issues not presented to the magistrate judge "must expressly identify those arguments . . . and explain why such omitted arguments and/or exhibits should be considered, in the first instance," in the objections.  NYW Civ. Practice Standard 72.3(b).

Plaintiff did not argue that the issues in this case are capable of repetition, yet evading review in his Response to the Motion for Summary Judgment.  *See generally* [Doc. 152].  The Court acknowledges that Plaintiff's Response was prepared and filed pro se and his objections were prepared and filed by counsel.  Even so, Plaintiff does not acknowledge this apparent waiver in his objections or otherwise explain why the Court should consider arguments raised for the first time in his objections, as required by the Court's Practice Standards.  *See generally* [Doc. 172].  Accordingly, the Court need not consider any arguments raised by Plaintiff for the first time in his objections.[6]

---

[6] Moreover, Plaintiff's assertion that the issues are capable of repetition, yet evading review is not supported by meaningful substantive argument.  *See* [Doc. 172 at 9].  This constitutes an additional basis to deem this argument waived.  *See Thompson R2-J Sch. Dist. v. Luke P. ex rel. Jeff P.*, 540 F.3d 1143, 1148 n.3 (10th Cir. 2008); *see also Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1215 (10th Cir. 2015) (the plaintiff has the burden of establishing that an issue is capable of repetition yet evading review).

8

Plaintiff did argue in opposition to summary judgment that "the controvers[y] regarding non-specific rejection notices did not dissipate," that Defendants' allegedly unlawful conduct "did not cease," and that Defendants "don't appear to be sincere in ceasing their violations." [Doc. 152 at 10–11]. The Court liberally construes this as an argument that the voluntary cessation doctrine does not apply, which Plaintiff reiterates in his objections. *See* [Doc. 172 at 9].[7]

Specifically, Plaintiff now argues that Defendants have failed to carry their burden to establish mootness because Defendants' alleged wrongful conduct could reasonably be expected to resume. Plaintiff first asserts that Defendants have previously engaged in conduct similar to the conduct challenged in this case. [*Id.*]; *see also Prison Legal News*, 944 F.3d 868.[8] He contends that because the *Prison Legal News* lawsuit did not deter Defendants' behavior, and because Defendants "only followed the required [BOP] policies" about rejection notices after this lawsuit was filed, it is "reasonable to expect [Defendants'] behavior to recur." [Doc. 172 at 9]. He also argues that it is clear that "the remedial measures were taken to evade a judgment by the Court." [*Id.*].

---

[7] Plaintiff does not identify any particular portion of the Recommendation that he believes was erroneous. *See* [Doc. 172 at 7–9]; *see also* NYW Civ. Practice Standard 72.3(b) ("A party objecting to a Magistrate Judge's Recommendation must identify, with particularity, the specific portions of the Recommendation that are the basis for the Objection."); *Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) (explaining that an objection that "disputes only the correctness of the recommendation" but "does not point to any specific errors made by" the magistrate judge is insufficient).

[8] The *Prison Legal News* lawsuit was filed on October 1, 2015. *See Prison Legal News*, 944 F.3d at 875. In that case, the magazine publisher plaintiff alleged that BOP officials improperly rejected the distribution of the plaintiff's magazines to inmate subscribers and failed to provide timely and adequate notice of the BOP's rejections. *Id.*

The Court is respectfully unpersuaded by Plaintiff's arguments. A claim for injunctive relief becomes moot when the "plaintiff's continued susceptibility to injury" is no longer "reasonably certain" or is based on "speculation and conjecture." *Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022) (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011)). "[I]f a defendant has carried out the action that a plaintiff sought to compel through an injunction, then the claim for injunctive relief is moot." *Church v. Polis*, No. 20-1391, 2022 WL 200661, at *4 (10th Cir. Jan. 24, 2022); *see also id.* ("[A] claim for injunctive relief is moot if there is no reasonable likelihood that the injunction would result in any changes.").

Plaintiff's claim is based on Defendants' failure to provide him written notices explaining why four books were rejected, and it is undisputed that Defendants have now provided that notice. "There is no point in ordering an action that has already taken place," *S. Utah Wilderness All. v. Smith*, 110 F.3d 724, 728 (10th Cir. 1997), and an order from this Court directing Defendants to do something they have already done would have no "effect in the real world," *Rio Grande Silvery Minnow*, 601 F.3d at 1110. The Court thus concludes that Defendants' actions "foreclose a reasonable chance of recurrence of the challenged conduct." *Prison Legal News*, 944 F.3d at 884 (quotation omitted). And since the "event to be enjoined"—Defendants' failure to provide written notices—"has come and gone," there is no relief the Court can order. *Id.* at 882–883 (quotation omitted) (finding claim seeking delivery of rejected magazines was moot after the BOP delivered the rejected magazines). And because the Court can grant no further relief, Plaintiff's due process claim is moot. *See FBI v. Fikre*, 601 U.S. 234, 240 (2024) ("Sometimes . . . a

complaining party manages to secure outside of litigation all the relief he might have won in it.  When that happens, a federal court must dismiss the case as moot.").

To the extent Plaintiff argues in his objections that the challenged conduct is reasonably likely to recur because Defendants here repeated the same conduct challenged in *Prison Legal News*, *see* [Doc. 172 at 9], or asserted pro se that Defendants failed to provide a rejection notice for a different book in 2023, [Doc. 152 at 9–10], these arguments do not bear on whether Plaintiff's due process claim, which specifically challenges the lack of rejection notices for books rejected in 2019 and 2020, is moot.  The mootness determination does not turn on whether Plaintiff *may*, at some future time, request additional religious books, whether Defendants *may* decide to reject those books, or whether Defendants *may* again fail to provide written notices of rejection.  *See Jordan*, 654 F.3d at 1024 (explaining that the plaintiff's continued susceptibility to injury must be "reasonably certain," not conjectural).  Such considerations are not only speculative, but they are also outside the operative pleading and beyond the claim in this case.  "Concerns over . . . other matters relating to a hypothetical unfiled suit are not cognizable reasons for continuing litigation that is otherwise moot."  *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1115 (10th Cir. 2016).  Because Defendants have adequately shown that the challenged conduct in this lawsuit—the failure to provide a written rejection for the specific books requested in 2019 and 2020—is not reasonably likely to resume, they have demonstrated that the voluntary cessation doctrine does not apply.  *Prison Legal News*, 944 F.3d at 882–83.

For these reasons, the Court respectfully concurs with Judge Neureiter that the voluntary cessation doctrine does not apply and Plaintiff's due process claim against the

11

named Defendants is moot.  Accordingly, the Court respectfully **OVERRULES** Plaintiff's objections, **ADOPTS** the Recommendation as to the named Defendants, and **GRANTS** summary judgment in the named Defendants' favor on Plaintiff's sole remaining due process claim.

### ORDER TO SHOW CAUSE

Having dismissed the named Defendants from this case, the only remaining Defendants are the unnamed Doe Defendants.  *See* [Doc. 74 at 1].  However, upon review of Plaintiff's operative pleading, it does not appear to the Court that Plaintiff asserts his notice-based due process claim against the unnamed Doe Defendants.  Indeed, Plaintiff does not assert *any* allegations about the Doe Defendants with respect to the lack of written rejection notices; instead, he alleges that "Defendants John & Jane Does (as FBI agents & ADX SIS Officers) entered Plaintiff's assigned cell (H-206) and claimed to conduct a 'cell search'" and confiscated his property on or about July 28, 2021.  [*Id.* at 20–21]; *see also* [Doc. 103 at 16–17 (Judge Neureiter recommending that the due process claim, to the extent it was based on the confiscation of Plaintiff's property, be dismissed); Doc. 105 at 3–4 (this Court adopting that recommendation)].  And to this Court's knowledge, the Doe Defendants have never been identified.

Accordingly, it is **ORDERED** that, on or before **April 3, 2025**, Plaintiff shall **SHOW CAUSE**, in writing, why his due process claim based on the lack of written rejection notices may be reasonably construed as asserted against the Doe Defendants and should be so construed.  If Plaintiff contends that his due process claim is properly asserted against the Doe Defendants, he shall also **SHOW CAUSE** why this claim is not moot as to the Doe Defendants.  If Plaintiff takes the position that his claim is not moot

as to the Doe Defendants, he shall also **SHOW CAUSE** why his claim against the Doe Defendants should not be dismissed without prejudice for failure to prosecute and failure to serve under Rule 4(m).[9] Finally, Plaintiff shall show cause why, if he were able to identify the Doe Defendants, his due process claim against them would not be barred by the applicable statute of limitations.[10] **If Plaintiff does not respond to this Order to Show Cause, the Court will close this case without further warning.**

---

[9] "[P]ursuant to Fed. R. Civ. P. 10, a caption to a complaint must include the names of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011), *aff'd*, 456 F. App'x 718 (10th Cir. 2012). The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit," and for this reason, "'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Id.* (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)). In addition, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Although inmate plaintiffs proceeding pro se face particular challenges in ensuring effective service, the requirements of Rule 4(m) apply to them as well." *Robledo-Valdez v. Aramark Corr. Servs., LLC*, No. 17-cv-02022-MSK-KLM, 2020 WL 5760460, at *3 (D. Colo. Sept. 28, 2020).

This case has been pending for nearly four years, and Plaintiff has still not yet identified or served the Doe Defendants, who were named in his original Complaint. *See* [Doc. 1 at 1]. The Court recognizes that Plaintiff has not had the benefit of discovery in this case, *see* [Doc. 164 (Judge Neureiter granting Defendants' Motion to Stay Discovery)], which could help ascertain the Doe Defendants' identities. "However, the Court should only allow claims against parties whose names are unknown to proceed 'if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Pearson v. Colo. Dep't of Transp.*, No. 18-cv-02538-KLM, 2019 WL 3550208, at *4 (D. Colo. Aug. 5, 2019) (quoting *Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233 (D.D.C. 2013)). Such is not the case here, where the operative Complaint lacks any specific allegations as to the Doe Defendants. *See generally* [Doc. 74].

[10] *See Garrett v. Fleming*, 362 F.3d 692, 696 (10th Cir. 2004) (holding that the substitution of named defendants for original unknown "John Doe" defendants amounted to adding a new party and did not relate back despite the plaintiff's lack of knowledge); *see also Driscoll v. City & Cnty. of Denver,* No. 21-cv-02866-PAB-NRN, 2024 WL 4346356, at *8–9 (D. Colo. Sept. 30, 2024) (explaining the relation-back requirements of Rule 15).

13

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1) Plaintiff's Objection to [Magistrate Judge's] Recommendation [Doc. 172] is **OVERRULED**;

(2) The Report and Recommendation on Defendants' Motion for Summary Judgment [Doc. 163] is **ADOPTED**;

(3) Defendants' Motion for Summary Judgment [Doc. 133] is **GRANTED**;

(4) Plaintiff's due process claim against Kashyap Patel, M. Carvajal, and B. True is **DISMISSED** as moot, and these Defendants are **DISMISSED** from this case; and

(5) On or before **April 3, 2025**, Plaintiff shall **SHOW CAUSE** (1) why his due process claim based on the lack of written rejection notices may be reasonably construed as against the Doe Defendants and should be so construed; (2) why this claim is not moot as to the Doe Defendants; (3) why this claim should not be dismissed without prejudice for failure to prosecute and/or failure to serve; and (4) why this claim would not be barred by the applicable statute of limitations.

DATED:  March 13, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge